No. 21,845.

J. E. BREWER and C. S. BREWER, Partners, etc., *Appellees*, v. THE FAIRMONT CREAMERY COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

1. SALE — *Car of Eggs — Contract by Letter — Agency — Pleadings.* A letter written by the defendant to the plaintiff evidenced a contract to purchase a car of eggs, hence the alleged nonagency of the broker and the refusal to permit an amendment setting up the Nebraska statute of frauds became immaterial.

2. SAME—*Only Issue—Finding for Plaintiff.* The only issue was the character of the eggs sold, and on conflicting evidence the jury found for the plaintiff. Their verdict must stand.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed January 11, 1919. Affirmed.

*C. W. Burch, B. I. Litowich, La Rue Royce,* all of Salina, and *E. J. Hainer,* of Lincoln, Neb., for the appellant.

*S. S. Smith,* of Abilene, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sued and recovered the difference between the alleged price of a car of eggs sold to the defendant and the amount for which it was sold on the market after the defendant refused to accept it. The defendant appeals.

It was alleged that the car was purchased through the defendant's agent, J. J. Gafford, at 35 cents a dozen, delivered at

Chicago, and that the eggs, consisting of candled receipts, were delivered, but the defendant refused to accept the car, and it was sold at the highest market price, which was $528 less than the contract price.

The answer, after a general denial, denied the agency of Gafford and alleged that the eggs were not of the grade and quality contracted for.

A number of witnesses testified on behalf of the plaintiffs to the contract quality of eggs. One witness on behalf of the defendant stated the result of an inspection made by him.

Considerable space is used in discussing the alleged agency of Gafford. We deem this of no importance, because of the fact that after Gafford mailed a written confirmation of his order by telephone the defendant itself wrote to the plaintiffs a letter in which it was stated:

"Now we bought this car of eggs subject to inspection at Chicago. The quality is not good enough and we are refusing to accept the car. Any loss that you may sustain in selling these eggs we are not responsible for and will not pay. This was the terms you sold the eggs to us at."

This certainly is an acknowledgment in writing that the car was purchased of the plaintiff by the defendant.

Complaint is made that the court refused the defendant leave to file an amended answer setting up the Nebraska statute of frauds to the effect that a contract for the sale of goods at a price of $50 or more is void unless a note or memorandum be made in writing subscribed by the party to be charged, or unless the buyer accept and receive part of such goods or pay some part of the purchase money. The letter already referred to and quoted from renders the refusal to permit this amendment immaterial, even if the deal should be deemed a Nebraska contract.

The only real question between the parties, in view of the letter referred to, was whether or not the eggs were the kind contracted for, and this question the jury determined in favor of the plaintiffs.

The judgment is affirmed.